# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

2018 DEC 27 P 12: 03

**UNITED STATES OF AMERICA**          *

v.                                    *   **CASE NO. 2:18-cr-00178-DBH**

**DERONG MIAO**                       *

## EX PARTE MOTION TO SEAL INSTANT MOTION, CJA FINANCIAL DECLARATION, AND ASSOCIATED PROCEEDINGS

### Introduction

A nine count indictment was returned on November 30, 2018 charging Derong Miao with, Count One: conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371; Count Two: knowingly engaging in sex trafficking by fraud and coercion in violation of 18 U.S.C. § 1591(a)(1),(a2),(b)(1), 1594(a); Count Three: knowingly engaging in sex trafficking by fraud and coercion in violation of 18 U.S.C. § 1591(a)(1),(a2),(b)(1), 1594(a); Count Four: unlawful conduct regarding documents in furtherance of trafficking in violation of 18 U.S.C. § 1591 and U.S.C. § 1592(a)(1) and (a)(2); Counts Five through Nine: interstate transportation for purposes of prostitution in violation of 18 U.S.C. § 2421(a) and (2). Additionally 3 forfeiture allegations are set forth in the indictment.

Ms. Derong was arraigned on December 13, 2018 and entered a not guilty plea. Counsel was appointed and a Motion for Detention was filed. The court ordered that Ms. Derong be detained and that a Financial Declaration for purposes of appointment of counsel be filed at a later date.

## Discussion

A defendant's Fifth and Sixth Amendment rights are implicated when they file a Financial Declaration for purposes of CJA appointment. The charges stemming from the instant indictment allege criminal conduct involving multifaceted financial transactions. Profits from these transaction will most likely be booked with the purchase of assets. These assets may be used by the government in its case-in-chief to substantiate the transactions that they allege have occurred. Accordingly, the government may use the assets noted in the Financial Declaration to bolster their case.

In *United States v. Bokhari*, 185 F. Supp. 3d 254 (D. Mass. 2016) the United States District Court for the District of Massachusetts was presented with facts analogous to the instant case. Defendant in *Bokhari* attempted hire counsel and moved to release funds that were potentially subject to forfeiture. Determining defendant's financial need and and whether the funds were subject to pretrial restraint required the court to probe defendant's financial condition. *Id.* at 263. Defendant argued that government access to his financial disclosures would interfere his Fifth and Sixth Amendment privileges. *Id.* at 264. Defendant requested that the information be sealed and the government objected.

Ultimately the court declined to resolve the constitutional issues by concluding the funds were subject to RICO pretrial restraint. However, a detailed analysis of the constitutional concerns ensued. The court stated, "Numerous courts have acknowledged the tension between a defendant's Fifth and Sixth Amendment rights in the context of the requirement that a defendant disclose financial information to obtain court appointed counsel." *Id.* at 265. Approving the holding in *United States v. Hickey*, 997 F. Supp. 1206, 1208-09 (N.D. Cal. 1998) the *Bokhari* court said, "where defendant was charged with mail fraud, wire fraud, and securities fraud, the court denied the

government's motion to unseal financial affidavits submitted in support of a request for appointed counsel because defendants faced a substantial risk of self-incrimination." *Bokhari* at 265. Ordering the preparation of a Financial Declaration compells testimonial communication that is potentially incriminating and thereby qualifies for the Fifth Amendment protections. *Id.* at 264.

### Conclusion

Disclosing the instant Motion, the attached Financial Declaration and associated proceedings will violate the defendant's Fifth Amendment privilege by subjecting her to compelled self-incrimination. Preserving the privilege requires the sealing of material and records relating to her application for court appointed counsel.

**WHEREFORE**, defendant moves to seal.

Dated:   December 27, 2018                    Respectfully submitted by,

 

Jeffrey W. Langholtz, Esq.
Bar No. 3539
Attorney for the Defendant
260 Main Street
Biddeford, ME  04005
207-283-4744
langholtz@gwi.net