UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA  )
                          )
v.                        )   No. 2:18-cr-00178-DBH
                          )
DERONG MIAO,              )
                          )
        Defendant         )

*MEMORANDUM DECISION AND ORDER ON*
*DEFENDANT'S MOTION TO SEAL FINANCIAL AFFIDAVIT*

In this sex trafficking and prostitution case, defendant Derong Miao seeks to seal her Criminal Justice Act ("CJA") financial affidavit. *See* Motion To Seal Defendant's CJA Financial Declaration ("Motion") (ECF No. 55). The government opposes sealing the affidavit. *See* Government's Response to Defendant's Motion To Seal Defendant's CJA Financial Declaration ("Opposition") (ECF No. 58). I conclude that sealing the defendant's affidavit is unnecessary because her concerns can be addressed by granting use immunity, which comports with the government's representation that it does not intend to use her affidavit in its case-in-chief. Accordingly, I deny the Motion, but, without objection, grant the defendant immunity from the use of that information, except for impeachment purposes or at sentencing.

**I. Background**

In an indictment filed on November 30, 2018, the defendant was charged with one count of conspiracy (Count One), two counts of sex trafficking (Counts Two and Three), and five counts of interstate transportation for prostitution (Counts Five through Nine). *See* Indictment (ECF No. 3) at 2-11. The government also seeks forfeiture of the defendant's property that was either used to commit the charged conduct or derived from it. *See id.* at 12-14. On December 27, 2018, the defendant filed both her financial affidavit, *see* ECF No. 42, and an *ex parte* motion to seal that

1

affidavit, *see* ECF No. 41.  During a conference with counsel later that day, the defendant's counsel withdrew the *ex parte* motion to seal, noting that the defendant would file a new motion to seal. *See* ECF Nos. 43-44.  I sealed the affidavit pending decision on the substitute motion, which was filed on January 16, 2019.  *See* ECF Nos. 42, 55, 57.

The defendant argues that the premature disclosure of the contents of her CJA financial affidavit will violate both her Fifth Amendment right against self-incrimination and her Sixth Amendment right to counsel.  *See* Motion at [2].  She asserts that the affidavit should remain sealed from the government until the conclusion of the case or, in the alternative, until such time as she chooses to testify at trial, at which point it may be accessed by the government for impeachment purposes only.  *See id*. at [2]-[3].  The government rejoins that the defendant has failed to demonstrate how the disclosure of her financial affidavit would violate her Fifth Amendment right against self-incrimination.  *See* Opposition at [3].  In the alternative, it represents that it does not intend to use her financial declaration in its case-in-chief and will not make use of it "other than, possibly, in support of its motion for detention as to a risk of flight argument, and/or in order to impeach Defendant Miao in the event she testifies at trial."  *Id.*

## II.  Discussion

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the [a]ssistance of [c]ounsel for his defence."  *Gideon v. Wainwright*, 372 U.S. 335, 339 (1963) (internal quotation marks omitted).  If a criminal defendant cannot afford private counsel, the trial court must appoint counsel to represent him, absent a knowing and explicit waiver of the right to counsel.  *See id*. at 340.

The Criminal Justice Act of 1964, 18 U.S.C. § 3006A, sets out the duties of the trial court regarding the appointment of counsel.  In pertinent part, the CJA provides that, in every case in which a person entitled to representation appears without counsel,

2

> the United States magistrate judge or the court shall advise the person that [she] has the right to be represented by counsel and that counsel will be appointed to represent [her] if [she] is financially unable to obtain counsel. Unless the person waives representation by counsel, the United States magistrate judge or the court, if satisfied after appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent [her].

18 U.S.C. § 3006A(b).

The defendant and the government agree on the standard to be applied in resolving the instant dispute, both citing *United States v. Gravatt*, 868 F.2d 585 (3rd Cir. 1989), and *United States v. Salemme*, 985 F. Supp. 197 (D. Mass. 1997). *See* Motion at [2]; Opposition at 1. That is a reasonable choice, and I follow suit.[1]

*Gravatt* recognized that, "when . . . a defendant asserts a colorable claim that disclosure to the government of a completed CJA [financial affidavit] would be self-incriminating, the court may not adopt an unconditional requirement that the defendant complete the CJA [financial affidavit] before [her] application for appointment of counsel will be considered[,]" which might "place the defendant in the constitutionally untenable position of having to choose between [her] Sixth Amendment right to counsel and [her] Fifth Amendment privilege against self-incrimination." *Gravatt*, 868 F.2d at 589; *see also Salemme*, 985 F. Supp. at 202 (citing *Gravatt*).

*Gravatt* reasoned that a trial court that is placed "in the difficult position of resolving the conflict between the constitutional rights of the defendant and the interest of the government in limiting appointment of counsel to financially qualified individuals . . . may properly reconcile these competing concerns in either of two ways": (i) through *in camera* examination of the financial affidavit, which then would be sealed and not be made available for the purpose of

---

[1] The First Circuit has cited *Gravatt* with favor. *See United States v. Beverly*, No. 92-2478, 1993 WL 165348, at *2 (1st Cir. May 11, 1993) (unpublished disposition) (setting forth *Gravatt* standard; observing that it did not need to decide whether a district court must grant immunity or hold an *in camera* hearing because the defendant had not made a colorable assertion that public disclosure of his financial information would violate his Fifth Amendment rights). In addition, the United States District Court for the District of Massachusetts more recently applied the *Gravatt* standard in *United States v. Bulger*, Cr. No. 94–10287–MLW, 2011 WL 2533026, at *2 (D. Mass. June 26, 2011).

prosecution, or (ii) through an adversarial hearing on the defendant's request for appointment of counsel, during which the court would grant use immunity to the defendant's testimony at hearing. *Gravatt*, 868 F.2d at 590; *see also Salemme,* 985 F. Supp. at 202.

In this case, unlike in *Gravatt*, in which the defendant had refused to complete a CJA financial affidavit, *see Gravatt*, 868 F.2d at 588, the defendant submitted her completed CJA financial affidavit along with her motion to seal that affidavit, *see* ECF Nos. 41, 42, and I have already reviewed the affidavit *in camera*. Moreover, the government has already represented that it will not use the defendant's CJA financial affidavit in its case-in-chief. *See* Opposition at [3]. In these circumstances, I deny the defendant's motion to seal her CJA financial affidavit. However, while I am skeptical that she has made a colorable claim that any information contained therein would be self-incriminating, I grant her use immunity for that testimony, coextensive with that provided by the Supreme Court in *Simmons v. United States*, 390 U.S. 377 (1968).[2] As a consequence, the government may not use information found in the defendant's financial affidavit, or derived from it, against her, except for impeachment purposes or at sentencing. *See, e.g., Salemme*, 985 F. Supp. at 203 (describing contours of *Simmons* immunity).[3]

### III. Conclusion

For the foregoing reasons, the Motion is **DENIED**, but the defendant is **GRANTED** use immunity for the testimony contained within her CJA financial affidavit to the extent that the

---

[2] Ordinarily, I would hold a hearing on the defendant's request for court-appointed counsel, but since I have already preliminarily appointed CJA counsel for her without the filing of a financial declaration, *see* ECF No. 17, have now examined her financial affidavit *in camera*, since the government has represented that it will not use the testimony contained therein in its case-in-chief, and because I conclude herein that sealing the defendant's affidavit is unnecessary because her concerns can be addressed by granting use immunity, I perceive no need for a further hearing.
[3] To the extent that the government noted that it might also wish to use the information contained in the defendant's CJA financial affidavit as evidence of a risk of flight in support of its motion for detention, *see* Opposition at [3], that issue is moot as the detention hearing has been held and the government's motion for detention has been granted without reference to the financial affidavit. *See* ECF No. 60.

government may not use information found therein, or derived therefrom, against her, except for impeachment purposes or at sentencing.

### *NOTICE*

*In accordance with Federal Rule of Criminal Procedure 59(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 22nd day of March, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge