# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.  2:18-cr-178-DBH-002 |
| | ) | |
| DERONG MIAO | ) | |

## AGREEMENT TO PLEAD GUILTY
## (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Halsey B. Frank, United States Attorney

for the District of Maine, and Darcie N. McElwee, Assistant United States Attorney, and  Derong

Miao (hereinafter "Defendant"), acting for herself and through her counsel, Jeffrey Langholtz,

Esquire, enter into the following Agreement based upon the promises and understandings set

forth below.

1.    Guilty Plea/Dismissal of Counts.  Defendant agrees to plead guilty to Counts One,
*Seven and*
and Five through Nine of the Indictment herein. Count One charges conspiracy, in violation of

18 U.S.C. §§ 371, 2421, 2422(a) & 1952(a)(3), (b)(1), and Counts Five through Nine charge

transportation for purposes of prostitution, in violation of 18 U.S.C. §§  2421 (a) and 2. The
*and Eight*
United States agrees that it will move to dismiss counts Two and Three of the Indictment

pursuant to Rule 11(c)(1)(1)(A) at the time of sentencing (Count Four does not involve

Defendant). The parties agree and understand that if the court should deny that motion to

dismiss, the provisions of Rule 11(c)(5) will apply.

2.    Sentencing/Penalties. Defendant agrees to be sentenced on the charges described

above. Defendant understands that the penalties that are applicable to the charges described

above are as follows:

A.   A maximum prison term of five (5) years on Count One, and not more than ten (10) years on Counts Five through Nine;

B.   A maximum fine of $250,000 on each count of conviction;

C.   A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that she enters guilty pleas; and

D.   A term of supervised release of not more than three years. Defendant understands that her failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to two additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

In addition to the other penalties provided by law, the Court must also order Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

3.   Agreements Regarding Sentencing. The parties agree to make the following non-binding recommendations as to sentencing:

A.   The base offense level for each count of conviction is 14 pursuant to U.S.S.G. §2G1.1(a)(2);

B.   An enhancement of four levels is applicable for each count of conviction because the offense involved fraud and coercion pursuant to §2G1.1(b)(1)(B);

C.   Regarding Count One only, (5) levels are added pursuant to § 2G1.1(d)(1) and § 3D1.4 (multiple count adjustment) because the offense involved more than 5 victims;

D.   An enhancement of three (3) levels is applicable for each count of conviction because the Defendant was a manager/supervisor in the offense pursuant to § 3B1.1; and

E.   The parties agree to recommend that the Court find that Defendant has accepted responsibility for the offenses of conviction, and that the Court should reduce the Defendant's Adjusted Offense Level by three levels under U.S.S.G. § 3E1.1. The Government reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing, the Defendant: (a) fails to admit a complete factual basis for the plea; (b) fails to truthfully admit

2

her conduct in the offense of conviction; (c) engages in conduct which results in an adjustment under U.S.S.G. § 3C 1.1; (d) falsely denies or frivolously contests relevant conduct for which the Defendant is accountable under U.S.S.G. § 1B1.3 or previous convictions that the defendant has sustained; or (e) engages in new criminal conduct. Defendant understands that she may not withdraw the guilty plea if, for any of the reasons listed above, the Government does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

The parties expressly agree and understand that should the Court reject either or both of the recommendations of the parties, Defendant will not thereby be permitted to withdraw her plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4. Appeal Waivers. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

B. A sentence of imprisonment that does not exceed 57 months.

Defendant's waiver of her right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

5. Consequences of Breach. If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

A. The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

B. Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

6. <u>Speedy Trial Waiver</u>. Defendant agrees to waive, and hereby does waive, any and all rights she might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 5 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

7. <u>Forfeiture</u>. Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States, including, but not limited to, the following assets: $2,000 in U.S. currency seized from CF #1 on November 8, 2016 as proceeds from commercial sex acts destined for deposit by the Defendant and her husband.

8.    <u>Immigration Status.</u> Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. The parties agree and understand that the offense(s) to which Defendant is pleading guilty may result in Defendant being removed from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

9.    <u>Validity of Other Agreements; Signature.</u>  This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant.  However, in the event that Defendant fails to enter her guilty plea or is allowed to withdraw her guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect.  No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties.  The signature of Defendant in the space designated signifies her full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it.  I understand it and I have voluntarily agreed to it.

Date: 10-29-2020            Derong Miao
                            Derong Miao, Defendant

I am legal counsel for Derong Miao. I have carefully reviewed every part of this Agreement with Derong Miao.  To my knowledge, Derong Miao's decision to enter into this Agreement is an informed and voluntary one.

Date: _10 - 29 . 20_

_____
Jeffrey Langholtz, Esquire
Attorney for Defendant

FOR THE UNITED STATES:    Halsey B. Frank
United States Attorney

Date: _10/25/2020_

_____
Darcie N. McElwee
Assistant U.S. Attorney

Approved:

_____
Supervisory Assistant U.S. Attorney

6